**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000152
02-NOV-2012
01:50 PM**

NOS. CAAP-11-0000152 AND CAAP-11-0000593


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
TUIPUAPUA MOANANU, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-2129)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Tuipuapua Moananu (Moananu) appeals
from the Amended Judgment of Conviction and Sentence entered on
February 16, 2011 in the Circuit Court of the First Circuit
(circuit court).[1]

On November 15, 2007, Moananu was charged with two
counts of Robbery in the First Degree in violation of Hawaii
Revised Statutes (HRS) § 708-840(1)(b)(ii) (Supp. 2011) and one
count of Impersonating a Police Officer in the First Degree in
violation of HRS § 710-1016.6 (1993). On November 15, 2010, a
sentencing hearing was held wherein the defense counsel moved for
a continuance to allow for the submission of detailed information
regarding Moananu's cooperation with law enforcement authorities.
The State stipulated to Moananu's previous cooperation with law
enforcement and the circuit court denied the motion for the
continuance.

---

[1] The Honorable Randal K.O. Lee presided.

On February 16, 2011, an amended judgment was entered which found Moananu guilty of all three counts and sentenced him to twenty-year terms of incarceration for the two robbery counts, with a mandatory minimum term of thirteen years and four months as a repeat offender, to run consecutively. The circuit court also sentenced Moananu to a five-year term of incarceration for impersonating a police officer, with a mandatory minimum term of three years and four months as a repeat offender, to run concurrently with the incarceration for the robbery counts.

On appeal, Moananu challenges the judgment and sentence on the grounds that the circuit court abused its discretion in (1) admitting evidence of prior bad acts pursuant to Hawai'i Rules of Evidence (HRE) Rule 404(b); (2) denying his motion to continue the November 15, 2010 sentencing hearing to allow evidence of his cooperation with law enforcement authorities; and (3) granting the State's motion for consecutive sentences.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Moananu's points of error as follows:

(1) Moananu first argues that the circuit court "abused its discretion, disregarding principles of law, in making its ruling to admit evidence of his prior bad acts, on July 2, 2010 during the course [of] trial, without conducting the required HRE Rule 404(b) analysis." "The burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it." State v. Hinton, 120 Hawai'i 265, 273, 204 P.3d 484, 492 (2009) (quoting State v. Wong, 97 Hawai'i 512, 517, 40 P.3d 915, 919 (2002)).

Moananu maintains that the circuit court erred in rejecting his proffer of the testimony of two witnesses and the transcript of another witness regarding a November 2006 incident (the November 2006 evidence) for the limited purpose of credibility and concluding instead that this November 2006 evidence called his identification as the perpetrator of the

2

crime into question, which in turn, opened the door for the introduction of prior bad acts evidence. Moananu also argues that the court "fail[ed] to conduct *any* analysis prior to ruling that Defendant's prior convictions would be admitted."

Although the circuit court engaged in a general HRE Rule 404(b) balancing discussion, it was not required to make a HRE Rule 404(b) ruling in this case because, prior to presenting this previously discussed November 2006 evidence, Moananu himself testified on direct examination that he did not commit the crimes in question--thereby placing his identity at issue--and that he had prior convictions for robbery and impersonating a police officer thereby introducing evidence of his prior bad acts. Generally, invited errors are not a basis for relief. State v. Jones, 96 Hawai'i 161, 166, 29 P.3d 351, 356 (2001).

Moananu claims that he testified regarding these prior bad acts "based on the trial court's 404(b) ruling." However, our review of the record reveals that, while the circuit court engaged in an extensive discussion with Moananu on the subject of his plans to present the November 2006 evidence, Moananu informed the circuit court that he had decided not to present the November 2006 evidence but had not yet determined either whether he was going to testify or the contents of his potential testimony. The circuit court explained its view of the HRE 404(b) balancing analysis but did not rule, calling a recess to allow Moananu the opportunity to discuss the matter further with his counsel. When the parties returned in the afternoon, Moananu informed the court of his decision to testify and to present the November 2006 evidence, but he did not tell the circuit court that he intended to deny that he was the perpetrator of the crimes charged or that he intended to testify about his prior convictions for robbery and impersonating an officer. As such, Moananu gave the circuit court no opportunity to conduct an HRE 404(b) balancing before presenting his testimony. Moananu cannot now complain about the circuit court's decision when he failed to give the circuit court the opportunity to consider the evidence he decided to present

3

and to conduct an HRE Rule 404(b) analysis before he actually presented his testimony.

The circuit court issued a limiting instruction immediately after Moananu's prior bad acts testimony, forbidding the jury from considering the same in determining his guilt or innocence or inferring from the evidence that Moananu was a person of bad character. The jury is presumed to have heeded this limiting instruction and Moananu does not point to anything in the record that overcomes this presumption. State v. Webster, 94 Hawai'i 241, 248, 11 P.3d 466, 473 (2000) ("A jury is presumed to follow the court's instructions."). Additionally, Moananu cannot show that he was precluded from presenting all of his evidence. After his testimony, despite his earlier representations that he would not present the November 2006 evidence because of the circuit court's purported ruling, Moananu presented this evidence through the submissions of transcript testimony and the presentation of two witnesses. These two witnesses were not responsible for making identity an issue-- Moananu already had placed both his challenge to identity and his prior bad acts before the jury through his own testimony.

(2) Moananu's second point of error on appeal is that the circuit court abused its discretion in denying Moananu's motion to continue his sentencing hearing. "A motion for continuance is addressed to the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal absent a showing of abuse of that discretion." State v. Lee, 9 Haw. App. 600, 603, 856 P.2d 1279, 1281 (1993).

There was no abuse here. Monanu failed to give the circuit court specifics regarding the information he intended to present or explain why he needed additional time to obtain this information. The State stipulated, for the purposes of that sentencing proceeding, that Moananu had assisted law enforcement in the past and the circuit court agreed to take this information into consideration.

Moananu also argued that more time "would be helpful" in resolving "difficulty in communication" regarding "Rule 40" and would "enable us to make an adequate presentation" but did not provide any details.  The circuit court observed that "Rule 40 is a post-conviction remedy" and found it not appropriate material for sentencing.

The circuit court was also aware of Moananu's willingness to delay proceedings, based on his previous attempt to be determined unfit to proceed, which resulted in the experts concluding that Moananu was "malingering."

Given these factors, Moananu's assertion that the circuit court "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice," State v. Crisostomo, 94 Hawaiʻi 282, 287, 12 P.3d 873, 878 (2000) (internal quotation marks, citation, and brackets omitted), in declining to give Moananu more time is unsupported by the record and the circuit court did not abuse its discretion in denying the motion to continue.

(3)  Moananu's third point of error is that the circuit court abused its discretion by imposing consecutive sentences, unfairly punishing him for exercising his right to a jury trial.  Moananu bases this argument on the fact that the circuit court had, prior to trial, stated that it would bind itself to the prosecution's offer of a plea agreement wherein Moananu would receive a maximum term of ten years, if Moananu accepted the offer.

However, it is clear that the circuit court had ample grounds upon which to base its sentence.  The circuit court's stated reasons, both at sentencing and in its written decision and uncontested on appeal, included the seriousness of the instant offenses, Moananu's extensive criminal history that demonstrated repeated acts of theft from others using firearms, his violations of parole while under threat of maximum sentences, and the physicians' determination that he was malingering after the circuit court allowed a continuance of the proceedings

5

because he decided to assert that he suffered from a physical or mental disease, disorder or defect excluding penal responsibility.

There was no evidence that the circuit court considered Moananu's exercise of his right to a jury trial or refused to consider Moananu's cooperation in imposing sentence.

Therefore,

IT IS HEREBY ORDERED THAT the February 16, 2011 Amended Judgment of Conviction and Sentence entered in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, November 2, 2012.

On the briefs:

Michael J. Park,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge